FILED —— ENTERED
LODGED —— RECEIVED

MAY 25 2007   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

# C 07-0807 JCC

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KING

ZANGO, INC.                          )
                                     )
              Plaintiff,             )   No. 07-2-16532-1 SEA
                                     )
       v.                            )   NOTICE OF FILING NOTICE OF
                                     )   REMOVAL
KASPERSKY LAB, INC.,                 )
                                     )
              Defendant.             )
_____)

TO:        The Superior Court of the State of Washington in and for King County;

AND TO:    All counsel of record

        PLEASE TAKE NOTICE THAT Defendant Kaspersky Lab, Inc., filed a Notice of

Removal of this action with the United States District Court for the Western District of

Washington on May 25, 2007. A true and correct copy of the Notice of Removal is attached

hereto as Exhibit 1.

//

//

//

**07-CV-00807-NTC**

NOTICE OF FILING NOTICE OF REMOVAL - 1
SEA 2026899v1 0014826-000004
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax (206) 628-7699

Dockets.Justia.com

1    DATED this 25th day of May, 2007.

2                                          Davis Wright Tremaine LLP
3                                          Attorneys for Defendant Kaspersky Lab, Inc.

4

5        By

6                                          Bruce E.H Johnson
                                           WSBA #7667
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF FILING NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

# EX. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.                          )
                                     )   No.
                                     )
               Plaintiff,            )   NOTICE OF REMOVAL
                                     )
       v.                            )
                                     )
KASPERSKY LAB, INC.,                 )
                                     )
               Defendant.            )
                                     )
_____)

In accordance with 28 U.S.C. § 1441, defendant Kaspersky Lab, Inc., a

Massachusetts corporation with its principal place of business in Woburn, Massachusetts

("Kaspersky"), removes to the United States District Court for the Western District of

Washington the above-captioned lawsuit, originally filed as Case No. 07-2-16532-1SEA in

the Superior Court of Washington in and for King County.  Removal is proper based on the

grounds set forth below.

       1.      Plaintiff, Zango, Inc., filed this action on May 22, 2007, in King County

Superior Court.  The Complaint seeks injunctive relief and damages for alleged tortious

interference with contractual rights or business expectancy; violation of the Washington

Consumer Protection Act; trade libel; and unjust enrichment.

NOTICE OF REMOVAL — 1
SEA 2025911v1 0014826-000004

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax (206) 628-7699

2.     Kaspersky was first served with a copy of the Complaint on May 23, 2007, and this notice of removal therefore is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after service was completed.

3.     This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Kaspersky is a corporation organized under the laws of the state of Massachusetts, with its principal place of business in Woburn, Massachusetts. Plaintiff Zango, Inc., is a corporation organized under the laws of the state of Washington, with its principal place of business in Bellevue, Washington.

5.     The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Complaint states that its damages are estimated at "no less than $47 million dollars." *See* Complaint at 7.

6.     The United States District Court for the Western District of Washington is the federal judicial district embracing the King County Superior Court, where the suit was originally filed.  28 U.S.C. § 128(b).

7.     True and correct copies of the Summons and Complaint served on Kaspersky is attached hereto as Exhibit A as required by 28 U.S.C. §1446(a). Exhibit A constitutes the complete record of all process and proceedings in the state court.

8.     Upon filing the Notice of Removal, Kaspersky shall furnish written notice to Plaintiff's counsel, and shall file and serve a copy of this Notice with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, defendant Kaspersky hereby removes this action from the Superior Court of Washington in and for King County.

DATED this 25th day of May, 2007.

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Davis Wright Tremaine LLP
Attorney for Defendant Kaspersky Lab, Inc.


By

Bruce E. H. Johnson, WSBA # 7667
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Telephone: (206) 628-3979
Fax: (206) 628-7699
E-mail: brucejohnson@dwt.com

NOTICE OF REMOVAL — 3

SEA 2025911v1 0014826-000004

# EXHIBIT A

# STATE COURT RECORD

1
2
3
4
5
6
7

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8   ZANGO, INC.,

9                     Plaintiff,          No.

10      v.                                 SUMMONS (60 DAYS)

11  KASPERSKY LAB, INC.

12                    Defendant.

13

14      TO:    KASPERSKY LAB, INC.
               500 Unicorn Park, 3rd Floor
15             Woburn, Massachusetts 01801

16      A lawsuit has been started against you in the above-entitled court by Zango, Inc.,

17  plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon

18  you with this summons.

19      In order to defend against this lawsuit, you must respond to the complaint by stating

20  your defense in writing, and serve a copy upon the undersigned lawyer for plaintiff within

21  60 days after the service of this summons, excluding the day of service, or a default judgment

22  may be entered against you without notice. A default judgment is one where the plaintiff is

23  entitled to what is asked for because you have not responded.

24
25

SUMMONS (60 DAYS) – 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



1    If you serve a notice of appearance on the undersigned lawyer, you are entitled to

2    notice before a default judgment may be entered.

3    If not previously filed, you may demand that the plaintiff file this lawsuit with the

4    court. If you do so, the demand must be in writing and must be served upon the plaintiff.

5    Within 14 days after you serve your demand, the plaintiff must file this lawsuit with the court,

6    or the service on you of this summons and complaint will be void.

7    If you wish to seek the advice of a lawyer in this matter, you should do so promptly so

8    that your written response, if any, may be served on time.

9    This summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court of the

10    State of Washington.

11    DATED this __22__ day of May, 2007.

12                              CORR CRONIN MICHELSON
                                BAUMGARDNER & PREECE LLP
13

14

15                              Steven W. Fogg, WSBA No. 23528
                                Attorneys for Plaintiff
16

17

18

19

20

21

22

23

24

25

SUMMONS (60 DAYS) – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

542.00003 he211305

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ZANGO, INC.,

               Plaintiff,

    v.

KASPERSKY LAB, INC.,

               Defendant.

No.

COMPLAINT

## I. IDENTITY OF PARTIES

1.    Plaintiff Zango, Inc. ("Zango") is a corporation organized under the laws of the state of Washington. Zango is based in Bellevue, Washington.

2.    Defendant Kaspersky Lab, Inc. ("Kaspersky") is a privately owned company based in Moscow, Russia. Kaspersky maintains an office in Woburn, Massachusetts.

## II. STATEMENT OF JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to RCW 4.28.185.

4.    Venue is proper in this Court pursuant to RCW 4.12.020.

## III. FACTUAL BACKGROUND

5.    Zango is an online media company providing consumers free access to a large catalog of online videos, games, music, tools and utilities. Zango's products are offered to

COMPLAINT – 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  customers free of charge and are sponsored by advertising that customers agree to view as a
2  condition of using the products. Zango also offers a premium version of its software that
3  gives consumers access to Zango's content catalog without having to agree to see advertising.

4        6.     Zango's proprietary software displays advertisements (to all non-premium
5  users) while Zango customers are browsing or searching the Internet online. Zango software
6  is designed to locate products and services that are of interest to Zango customers. It does this
7  by recognizing keywords from customers' Internet browser and displaying relevant
8  advertisers' websites for matching products and services. Zango's software never collects the
9  personal identifying information of its users.

10        7.     Zango takes extensive precautions to ensure that every Zango customer
11  affirmatively and knowingly consents to download, installation and continued usage of Zango
12  software. Before installing Zango programs, customers are provided with plain language
13  disclosures describing Zango's software and how it works, as well as a complete End User
14  License Agreement and a link to Zango's Privacy Policy. Every customer who downloads
15  Zango software programs receives a post-installation confirmation message, complete with a
16  link for more information, including uninstall instructions. Within 72 hours of downloading
17  Zango software, customers receive a reminder that they have installed Zango programs, which
18  includes information about how the software works along with uninstall information. Ninety
19  days after install, and every 90 days after that, Zango sends customers an additional reminder
20  that they have installed Zango software, including information as to how the programs work
21  and uninstall instructions. In addition, upon download, Zango programs provide a system tray
22  icon from which the customer can access program information, customer support and
23  uninstall instructions. Customers can access further information about Zango programs
24  through the "Start / All Program" menu, including direct links to customer support and
25  uninstall instructions. Advertisements delivered by Zango software are labeled as coming

COMPLAINT - 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   from Zango programs and provide a link to further program information and uninstall

2   instructions. And, uninstallation of Zango programs can always be done through the

3   Add/Remove Programs function.

4         8.    On information and belief, defendant Kaspersky is in the business of

5   developing and marketing various computer protection and security software programs,

6   including anti-virus protection. Kaspersky markets and distributes computer protection and

7   security software programs under its own name, and also sells such programs to distributors

8   and other original equipment manufacturers ("OEMs").

9         **Damage to Zango website**

10        9.    On March 8, 2007, Zango's testing lab discovered that Kaspersky's consumer

11  program "Kaspersky Internet Security" ("KIS") was damaging a Zango website named

12  seekmo.com by removing Zango weblinks from computers running the KIS program. Further

13  tests revealed that KIS was damaging and removing promotional links hosted by Zango

14  publishers as well. Zango contacted Kaspersky on March 9, 2007, regarding the damage

15  being done by KIS. On March 12, 2007, Kaspersky admitted that KIS was damaging Zango's

16  website and requested time to fix the issue. Testing performed by Zango's lab on March 14,

17  2007 showed that KIS was no longer damaging Zango's webpage.

18        10.    On March 21, 2007, Zango's lab discovered that similar damage (i.e., missing

19  web links) was being caused by companies that, upon information and belief, were OEM

20  customers of Kaspersky's anti-virus engine product ("KAV"). Zango notified one of these

21  OEM customers immediately. On March 22, 2007, Zango notified a second OEM using KAV

22  that it was damaging Zango's website. On March 28, 2007, the second OEM resolved the

23  issue, and stated in communications with Zango that Zango was using "Best Practices," and

24  that Zango's products are "not malicious." The first OEM requested additional time to

25

COMPLAINT – 3

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   address Zango's concerns, and subsequently communicated to Zango that it would contact

2   Kaspersky to resolve the issue.

3      11. On May 21, 2007 Zango testing revealed that some Kaspersky OEM customers

4   are still damaging Zango websites and removing download links, without providing any

5   customer notice or warning. This was determined despite assurances Kaspersky made to

6   Zango six weeks earlier that the damage to Zango's websites would be remedied.

7      **Interference with Zango programs**

8      12. On May 8, 2007, Zango informed Kaspersky via email that Zango testing had

9   identified additional "major issues" regarding the manner in which KIS treated Zango's

10  software applications. Testing revealed that, once KIS was running on a user's computer, a

11  user was allegedly given a choice to "Allow" Zango's programs to run. However, the

12  "Allow" choice offered by KIS proved illusory, as KIS continually caused warnings to appear

13  on the user's screen no matter how many times the Zango customer clicked "Allow." Testing

14  revealed that KIS did not treat the software of a known Zango competitor in the same manner.

15     13. On May 21, 2007, Zango testing of KIS version 6.0.2.621 revealed an even

16  more serious attack on Zango. Once this version of KIS is installed, it blocks any installation

17  of Zango software, and blocks users from accessing Zango content. In addition, KIS still

18  causes a user to click "Allow" every time Zango attempts to deliver an ad; this is true even if

19  the user clicks "Always Allow."

20     14. In the course of blocking installation of Zango's software, KIS identifies

21  Zango products as "malicious" and as an "infection." On information and belief, Kaspersky

22  knows full well that this is a false and misleading description, as Kaspersky researchers have

23  reviewed the Zango software and determined that it is not malicious.

24     15. Additional testing performed on May 21, 2007, revealed that KIS damages

25  Zango's products in such a way that the computer user is unable to uninstall Zango. The

COMPLAINT - 4

COBB CROKIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   inability to uninstall the Zango software through normal Add/Remove procedures is a direct
2   violation of Zango's terms of service.

3       16.    Kaspersky's actions have resulted (and will continue to result) in significant
4   damage to Zango's reputation, customer base and business model. That damage includes:
5   damaging Zango's website so as to prevent future customers from downloading Zango
6   products; blocking installation of Zango products by future customers; interfering with
7   Zango's ability to recoup, through both paid and ad-supported software versions, the cost of
8   acquiring and licensing for distribution the extensive content in Zango's content catalog
9   (estimated value: several million dollars); chilling Zango's ability to partner with new content
10  providers and distribution channels, thereby hindering Zango's expansion plans and devaluing
11  its investment in offices, operations, infrastructure, and employees in Washington state, North
12  America, and other parts of the world; and in other ways not yet realized or fully understood.

## IV. CLAIMS FOR RELIEF

### First Cause of Action:
### Injunctive Relief

17.  Zango incorporates and realleges the allegations contained in Paragraphs 1
through 16 above.

18.  Zango has a clear legal or equitable right and a well-grounded fear of
immediate invasion of that right. Kaspersky's conduct has caused injury and will continue to
cause injury to Zango, and the relative equities of the parties favor granting injunctive relief.

### Second Cause of Action:
### Tortious Interference with Contractual Rights or Business Expectancy

19.  Zango incorporates and realleges the allegations contained in Paragraphs 1
through 18 above.

20.  Kaspersky has purposefully and knowingly interfered with Zango's business
relationships, both existing and contemplated.

COMPLAINT - 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

21.    As a result of Kaspersky's conduct, Zango has been harmed.  Zango is therefore entitled to injunctive relief and to all damages proven at trial.

### Third Cause of Action:
### Violation of Washington Consumer Protection Act

22.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 21 above.

23.    Kaspersky, through its conduct, has acted unfairly and deceptively in violation of RCW 19.86.010 et seq.

24.    Kaspersky's conduct occurred in trade and commerce and caused Zango substantial damage.

25.    The public interest has been affected by Kaspersky's conduct.

26.    Zango is entitled to treble damages and to injunctive relief, and to recovery of its attorney fees and costs in bringing this lawsuit.

### Fourth Cause of Action:
### Trade Libel

27.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 26 above.

28.    Kaspersky, through its conduct, has made false and disparaging statements about Zango's products.

29.    Kaspersky publishes its false and disparaging statements to users of Kaspersky programs.

30.    As a result of Kaspersky's conduct, Zango has been harmed, including suffering injury to its reputation and ongoing financial injury.  Zango is therefore entitled to injunctive relief and to all damages proven at trial.

COMPLAINT – 6

COER CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### Fifth Cause of Action:
### Unjust Enrichment

31.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 30 above.

32.    Kaspersky, through its conduct, has benefited from its disparagement, blocking of and interference with Zango's products.

33.    It would be inequitable for Kaspersky to retain the benefit of its wrongful actions. Kaspersky should be required to account for, and disgorge, all revenues it received as a result of its wrongful actions toward Zango.

## V. RELIEF REQUESTED

WHEREFORE, plaintiff prays for relief as follows:

A.    For all damages as may be proven at trial (and which are estimated to be no less than $47 million dollars);

B.    For treble damages pursuant to RCW 19.86.090;

C.    For injunctive relief;

D.    For attorneys' fees and costs; and

E.    For such other relief as the Court may deem just and equitable.

COMPLAINT - 7

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 22nd day of May, 2007.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

Kelly P. Corr, WSBA #555
Steven W. Fogg, WSBA #23528
Attorneys for Plaintiff
Zango, Inc.

COMPLAINT – 8

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**
**(cics)**

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: _____

CASE CAPTION: Zango, Inc. v. Kaspersky Lab, Inc.

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

____X____ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Plaintiff

Steven W. Fogg, WSBA No. 23528

_____
Date

May 22, 2007
Date

COPY

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*
- [ ] DOL- all other appeals (ALR 2) *

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Child Custody (CUS 3)*
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
  wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan/PPS 3)* ££
- [ ] Establish Support Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (FJU 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration (FJU 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.     ** Case schedule will be issued after hearing and findings.

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**

- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors -- Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/PGA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [x] Tort, Other (TTO 2)*

**WRIT**

- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

3

L: forms/cashiers/cics
Rev 01/05

542 00003 he211304



# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Zango, Inc | NO. 07-2-16532-1    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| Kaspersky Lab, Inc | ASSIGNED JUDGE  Kallas          35 |
| | FILE DATE:                05/22/2007 |
| **Defendant(s)** | TRIAL DATE:             11/03/2008 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
Print Name                                        Sign Name

Order Setting Civil Case Schedule (*ORSCS)                    REV 7/200    1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules (KCLR) – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses (*See KCLR 26*), and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or RJC Judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
All parties to this action must keep the court informed of their addresses. When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

King County Local Rules are available for viewing at www.metrokc.gov/kcscc.

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | | |
| Confirmation of Service [See KCLR 4.1]. | Tue 05/22/2007 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue 08/18/2007 | * |
| | Tue 10/30/2007 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked. | Tue 10/30/2007 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)]. | Tue 11/13/2007 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 06/02/2008 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 07/14/2008 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 07/28/2008 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 07/28/2008 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 09/15/2008 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 10/06/2008 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 10/13/2008 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)]. | Mon 10/13/2008 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 10/20/2008 | |
| Joint Statement of Evidence [See KCLR 15(a)(5)]. | Mon 10/27/2008 | * |
| Trial Date [See KCLR 40]. | Mon 11/03/2008 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action must serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:    05/22/2007

PRESIDING JUDGE

Order Setting Civil Case Schedule (*ORSCS)

REV. 7/2002    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this Schedule. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses — identity, number, testimony,

C. Joint Confirmation regarding Trial Readiness Report. No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

1) **Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) **Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

**Motions in Family Law Cases** not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

**Emergency Motions:** Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

**Filing of Documents** All original documents must be filed with the Clerk's Office. The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

**Original Proposed Order:** Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C. Form:** Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

PRESIDING JUDGE



# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Zango, Inc | NO.  07-2-16532-1    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| VS | |
| Kaspersky Lab, Inc | ASSIGNED JUDGE  Kallas _____ 35 |
| | FILE DATE:                    05/22/2007 |
| **Defendant(s)** | TRIAL DATE:              11/03/2008 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition,** whether that response is a **Notice of Appearance,** a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ )    _____
             Print Name                              Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                              REV. 7/200    1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] – especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or RJC Judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc**

Order Setting Civil Case Schedule (*ORSCS)                              REV. 7/200    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | | |
| Confirmation of Service [See KCLR 4.1]. | Tue 05/22/2007 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue 05/19/2007<br>Tue 10/30/2007 | *<br>* |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked. | Tue 10/30/2007 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area [See KCLR 82(e)]. | Tue 11/13/2007 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 05/02/2008 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 07/14/2008 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 07/28/2008 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 07/28/2008 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 09/15/2008 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 10/06/2008 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 10/13/2008 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)]. | Mon 10/13/2008 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 10/20/2008 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon 10/27/2008 | * |
| Trial Date [See KCLR 40]. | Mon 11/03/2008 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   05/22/2007

PRESIDING JUDGE

*Order Setting Civil Case Schedule (*ORSCS)*

REV. 7/200   3

IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this Schedule. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

COMPLEX LITIGATION: If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

APPLICABLE RULES:

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

CASE SCHEDULE AND REQUIREMENTS:

A. Show Cause Hearing. A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an Order to Show Cause that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR

1) Forty five (45) days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) Twenty eight (28) days before the Trial Date, a settlement/mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the Schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders. All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty-four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

PRESIDING JUDGE