RECEIVED

2007 MAY 25  PM 2: 51

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

____ FILED   ____ ENTERED
____ LODGED  ____ RECEIVED

MAY 25 2007   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

____ FILED   ____ ENTERED
____ LODGED  ____ RECEIVED

★   MAY 25 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ZANGO, INC.

        Plaintiff,

    v.

KASPERSKY LAB, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

# C 07-0807

No. 07-2-16532-1 SEA

NOTICE OF FILING NOTICE OF
REMOVAL

TO:      The Superior Court of the State of Washington in and for King County;

AND TO:      All counsel of record

      PLEASE TAKE NOTICE THAT Defendant Kaspersky Lab, Inc., filed a Notice of

Removal of this action with the United States District Court for the Western District of

Washington on May 25, 2007. A true and correct copy of the Notice of Removal is attached

hereto as Exhibit 1.

//

//

//

**07-CV-00807-NTC**

NOTICE OF FILING NOTICE OF REMOVAL - 1

SEA 2026890v1 0014826-000004
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

Dockets.Justia.com

1   DATED this 25th day of May, 2007.

2

3                         Davis Wright Tremaine LLP
                            Attorneys for Defendant Kaspersky Lab, Inc.

4

5                    By

6                        Bruce E.H Johnson
                        WSBA #7667

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF FILING NOTICE OF REMOVAL - 2

SEA 2026899v1 0014826-000004
Seattle

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax (206) 628-7699

# EX. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| ZANGO, INC. | No. |
| Plaintiff, | NOTICE OF REMOVAL |
| v. |  |
| KASPERSKY LAB, INC., |  |
| Defendant. |  |

In accordance with 28 U.S.C. § 1441, defendant Kaspersky Lab, Inc., a Massachusetts corporation with its principal place of business in Woburn, Massachusetts ("Kaspersky"), removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 07-2-16532-1SEA in the Superior Court of Washington in and for King County. Removal is proper based on the grounds set forth below.

1.      Plaintiff, Zango, Inc., filed this action on May 22, 2007, in King County Superior Court. The Complaint seeks injunctive relief and damages for alleged tortious interference with contractual rights or business expectancy; violation of the Washington Consumer Protection Act; trade libel; and unjust enrichment.

NOTICE OF REMOVAL — 1
SEA 2025911v1 0014826-000004

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150   Fax (206) 628-7699

2.     Kaspersky was first served with a copy of the Complaint on May 23, 2007, and this notice of removal therefore is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after service was completed.

3.     This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.     Kaspersky is a corporation organized under the laws of the state of Massachusetts, with its principal place of business in Woburn, Massachusetts.  Plaintiff Zango, Inc., is a corporation organized under the laws of the state of Washington, with its principal place of business in Bellevue, Washington.

5.     The amount in controversy exceeds $75,000, exclusive of interest and costs, because the Complaint states that its damages are estimated at "no less than $47 million dollars." *See* Complaint at 7.

6      The United States District Court for the Western District of Washington is the federal judicial district embracing the King County Superior Court, where the suit was originally filed.  28 U.S.C. § 128(b).

7.     True and correct copies of the Summons and Complaint served on Kaspersky is attached hereto as Exhibit A as required by 28 U.S.C. §1446(a).  Exhibit A constitutes the complete record of all process and proceedings in the state court.

8.     Upon filing the Notice of Removal, Kaspersky shall furnish written notice to Plaintiff's counsel, and shall file and serve a copy of this Notice with the Clerk of the King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, defendant Kaspersky hereby removes this action from the Superior Court of Washington in and for King County.

DATED this 25th day of May, 2007.

NOTICE OF REMOVAL  — 2

SEA 2025911v1 0011826-000004

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax  (206) 628-7699

Davis Wright Tremaine LLP
Attorney for Defendant Kaspersky Lab, Inc.

By

Bruce E. H. Johnson, WSBA # 7667
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Telephone: (206) 628-3979
Fax: (206) 628-7699
E-mail: brucejohnson@dwt.com

NOTICE OF REMOVAL -- 3

SEA 2025911v1 0014826-000004

# EXHIBIT A

# STATE COURT RECORD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ZANGO, INC.,

Plaintiff,

v.

KASPERSKY LAB, INC.,

Defendant.

No.

SUMMONS (60 DAYS)

TO:   KASPERSKY LAB, INC.
      500 Unicorn Park, 3rd Floor
      Woburn, Massachusetts 01801

A lawsuit has been started against you in the above-entitled court by Zango, Inc., plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned lawyer for plaintiff within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for because you have not responded.

SUMMONS (60 DAYS) - 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900



1         If you serve a notice of appearance on the undersigned lawyer, you are entitled to

2    notice before a default judgment may be entered.

3         If not previously filed, you may demand that the plaintiff file this lawsuit with the

4    court. If you do so, the demand must be in writing and must be served upon the plaintiff.

5    Within 14 days after you serve your demand, the plaintiff must file this lawsuit with the court,

6    or the service on you of this summons and complaint will be void.

7         If you wish to seek the advice of a lawyer in this matter, you should do so promptly so

8    that your written response, if any, may be served on time.

9         This summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court of the

10   State of Washington.

11        DATED this _22_ day of May, 2007.

12                            CORR CRONIN MICHELSON
                              BAUMGARDNER & PREECE LLP

13

14

15                            Steven ___ ___, WSBA No 23528
                              Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

SUMMONS (60 DAYS) – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ZANGO, INC.,

                  Plaintiff,

     v.

KASPERSKY LAB, INC.

                  Defendant.

No.

COMPLAINT

## I. IDENTITY OF PARTIES

1     Plaintiff Zango, Inc. ("Zango") is a corporation organized under the laws of the state of Washington. Zango is based in Bellevue, Washington.

2     Defendant Kaspersky Lab, Inc. ("Kaspersky") is a privately owned company based in Moscow, Russia. Kaspersky maintains an office in Woburn, Massachusetts.

## II. STATEMENT OF JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to RCW 4.28.185.

4.     Venue is proper in this Court pursuant to RCW 4.12.020.

## III. FACTUAL BACKGROUND

5.     Zango is an online media company providing consumers free access to a large catalog of online videos, games, music, tools and utilities. Zango's products are offered to

COMPLAINT -- 1

COFR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    customers free of charge and are sponsored by advertising that customers agree to view as a

2    condition of using the products. Zango also offers a premium version of its software that

3    gives consumers access to Zango's content catalog without having to agree to see advertising.

4        6.    Zango's proprietary software displays advertisements (to all non-premium

5    users) while Zango customers are browsing or searching the Internet online. Zango software

6    is designed to locate products and services that are of interest to Zango customers. It does this

7    by recognizing keywords from customers' Internet browser and displaying relevant

8    advertisers' websites for matching products and services. Zango's software never collects the

9    personal identifying information of its users.

10       7.    Zango takes extensive precautions to ensure that every Zango customer

11   affirmatively and knowingly consents to download, installation and continued usage of Zango

12   software. Before installing Zango programs, customers are provided with plain language

13   disclosures describing Zango's software and how it works, as well as a complete End User

14   License Agreement and a link to Zango's Privacy Policy. Every customer who downloads

15   Zango software programs receives a post-installation confirmation message, complete with a

16   link for more information, including uninstall instructions. Within 72 hours of downloading

17   Zango software, customers receive a reminder that they have installed Zango programs, which

18   includes information about how the software works along with uninstall information. Ninety

19   days after install, and every 90 days after that, Zango sends customers an additional reminder

20   that they have installed Zango software, including information as to how the programs work

21   and uninstall instructions. In addition, upon download, Zango programs provide a system tray

22   icon from which the customer can access program information, customer support and

23   uninstall instructions. Customers can access further information about Zango programs

24   through the ' Start / All Program" menu, including direct links to customer support and

25   uninstall instructions. Advertisements delivered by Zango software are labeled as coming

COMPLAINT - 2

COLE CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  from Zango programs and provide a link to further program information and uninstall
2  instructions. And, uninstallation of Zango programs can always be done through the
3  Add/Remove Programs function

4      8.    On information and belief, defendant Kaspersky is in the business of
5  developing and marketing various computer protection and security software programs,
6  including anti-virus protection. Kaspersky markets and distributes computer protection and
7  security software programs under its own name, and also sells such programs to distributors
8  and other original equipment manufacturers ("OEMs").

9      **Damage to Zango website**

10      9.    On March 8, 2007, Zango's testing lab discovered that Kaspersky's consumer
11  program "Kaspersky Internet Security" ("KIS") was damaging a Zango website named
12  seekmo.com by removing Zango weblinks from computers running the KIS program. Further
13  tests revealed that KIS was damaging and removing promotional links hosted by Zango
14  publishers as well. Zango contacted Kaspersky on March 9, 2007, regarding the damage
15  being done by KIS. On March 12, 2007, Kaspersky admitted that KIS was damaging Zango's
16  website and requested time to fix the issue. Testing performed by Zango's lab on March 14,
17  2007 showed that KIS was no longer damaging Zango's webpage.

18      10.    On March 21, 2007, Zango's lab discovered that similar damage (i.e., missing
19  web links) was being caused by companies that, upon information and belief, were OEM
20  customers of Kaspersky's anti-virus engine product ("KAV"). Zango notified one of these
21  OEM customers immediately. On March 22, 2007, Zango notified a second OEM using KAV
22  that it was damaging Zango's website. On March 28, 2007, the second OEM resolved the
23  issue, and stated in communications with Zango that Zango was using "Best Practices," and
24  that Zango's products are "not malicious." The first OEM requested additional time to
25

COMPLAINT – 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   address Zango's concerns, and subsequently communicated to Zango that it would contact

2   Kaspersky to resolve the issue.

3       11.    On May 21, 2007 Zango testing revealed that some Kaspersky OEM customers

4   are still damaging Zango websites and removing download links, without providing any

5   customer notice or warning. This was determined despite assurances Kaspersky made to

6   Zango six weeks earlier that the damage to Zango's websites would be remedied.

7   **Interference with Zango programs**

8       12.    On May 8, 2007, Zango informed Kaspersky via email that Zango testing had

9   identified additional "major issues" regarding the manner in which KIS treated Zango's

10  software applications. Testing revealed that, once KIS was running on a user's computer, a

11  user was allegedly given a choice to "Allow" Zango's programs to run. However, the

12  "Allow" choice offered by KIS proved illusory, as KIS continually caused warnings to appear

13  on the user's screen no matter how many times the Zango customer clicked "Allow." Testing

14  revealed that KIS did not treat the software of a known Zango competitor in the same manner.

15      13.    On May 21, 2007, Zango testing of KIS version 6.0.2.621 revealed an even

16  more serious attack on Zango. Once this version of KIS is installed, it blocks any installation

17  of Zango software, and blocks users from accessing Zango content. In addition, KIS still

18  causes a user to click "Allow" every time Zango attempts to deliver an ad; this is true even if

19  the user clicks "Always Allow."

20      14.    In the course of blocking installation of Zango's software, KIS identifies

21  Zango products as "malicious" and as an "infection." On information and belief, Kaspersky

22  knows full well that this is a false and misleading description, as Kaspersky researchers have

23  reviewed the Zango software and determined that it is not malicious.

24      15.    Additional testing performed on May 21, 2007, revealed that KIS damages

25  Zango's products in such a way that the computer user is unable to uninstall Zango. The

COMPLAINT – 4

COLE CROWN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  inability to uninstall the Zango software through normal Add/Remove procedures is a direct
2  violation of Zango's terms of service.

3      16.    Kaspersky's actions have resulted (and will continue to result) in significant
4  damage to Zango's reputation, customer base and business model. That damage includes:
5  damaging Zango's website so as to prevent future customers from downloading Zango
6  products; blocking installation of Zango products by future customers; interfering with
7  Zango's ability to recoup, through both paid and ad-supported software versions, the cost of
8  acquiring and licensing for distribution the extensive content in Zango's content catalog
9  (estimated value: several million dollars); chilling Zango's ability to partner with new content
10 providers and distribution channels, thereby hindering Zango's expansion plans and devaluing
11 its investment in offices, operations, infrastructure, and employees in Washington state, North
12 America, and other parts of the world; and in other ways not yet realized or fully understood.

## IV. CLAIMS FOR RELIEF

### First Cause of Action:
### Injunctive Relief

15
16      17.    Zango incorporates and realleges the allegations contained in Paragraphs 1
    through 16 above.
17
18      18.    Zango has a clear legal or equitable right and a well-grounded fear of
    immediate invasion of that right. Kaspersky's conduct has caused injury and will continue to
19  cause injury to Zango, and the relative equities of the parties favor granting injunctive relief.

### Second Cause of Action:
### Tortious Interference with Contractual Rights or Business Expectancy

22      19.    Zango incorporates and realleges the allegations contained in Paragraphs 1
23  through 18 above.

24      20.    Kaspersky has purposefully and knowingly interfered with Zango's business
25  relationships, both existing and contemplated.

COMPLAINT - 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

21.    As a result of Kaspersky's conduct, Zango has been harmed.  Zango is therefore entitled to injunctive relief and to all damages proven at trial.

### Third Cause of Action:
### Violation of Washington Consumer Protection Act

22.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 21 above.

23.    Kaspersky, through its conduct, has acted unfairly and deceptively in violation of RCW 19.86.010 et seq.

24.    Kaspersky's conduct occurred in trade and commerce and caused Zango substantial damage.

25.    The public interest has been affected by Kaspersky's conduct.

26.    Zango is entitled to treble damages and to injunctive relief, and to recovery of its attorney fees and costs in bringing this lawsuit.

### Fourth Cause of Action:
### Trade Libel

27.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 26 above.

28.    Kaspersky, through its conduct, has made false and disparaging statements about Zango's products.

29.    Kaspersky publishes its false and disparaging statements to users of Kaspesky programs.

30.    As a result of Kaspersky's conduct, Zango has been harmed, including suffering injury to its reputation and ongoing financial injury.  Zango is therefore entitled to injunctive relief and to all damages proven at trial.

COMPLAINT - 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### Fifth Cause of Action:
### Unjust Enrichment

31.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 30 above.

32.    Kaspersky, through its conduct, has benefited from its disparagement, blocking of and interference with Zango's products.

33.    It would be inequitable for Kaspersky to retain the benefit of its wrongful actions. Kaspersky should be required to account for, and disgorge, all revenues it received as a result of its wrongful actions toward Zango.

## V.  RELIEF REQUESTED

WHEREFORE, plaintiff prays for relief as follows:

A.    For all damages as may be proven at trial (and which are estimated to be no less than $47 million dollars);

B.    For treble damages pursuant to RCW 19.86.090;

C.    For injunctive relief;

D.    For attorneys' fees and costs; and

E.    For such other relief as the Court may deem just and equitable.

COMPLAINT - 7

Cozen Cronin Michelson
Baumgardner & Preece LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    DATED this 22nd day of May, 2007.

2                                              CORR CRONIN MICHELSON
                                               BAUMGARDNER & PREECE LLP
3

4

5
                                               _____
6                                              Kelly P. Corr, WSBA #555
                                               Steven W. Fogg, WSBA #23528
7                                              Attorneys for Plaintiff
                                               Zango, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT – 8

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
(cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: _____

CASE CAPTION: <u>Zango, Inc. v. Kaspersky Lab, Inc.</u>

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

___ X ___ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or



_____
Signature of Attorney for
Plaintiff

Steven W. Fogg, WSBA No. 23528

_____
Date

<u>May 22 2007</u>
Date

COPY

I: forms/cashiers/cics
Rev 01/05

1

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 7 and King County Code 4.71.100.

**APPEAL/REVIEW**

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal - only RCW 46.20.308 (DOL 2)*
- [ ] DOL all other appeals (ALR 2) *

**CONTRACT/COMMERCIAL**

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

- [ ] Annulment/Invalidity (INV3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Child Custody (CUS 3)*
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
  wife pregnant? Y / N
- [ ] Enforcement/Show Cause Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(FPS 3)* ££
- [ ] Establish Support Only (FPS 3)* ££
- [ ] Legal Separation (SEP 3)*
  with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (FJU 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration (FJU 5)
- [ ] Out-of-State Support Order Registration (FJU 5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Vulnerable Adult Protection (VAP 2)

££ Paternity Affidavit or Existing Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.      ** Case schedule will be issued after hearing and findings.

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

- Condemnation/Eminent Domain (CON 2)*
- Foreclosure (FOR 2)*
- Land Use Petition (LUP 2)*
- Property Fairness (PFA 2)*
- Quiet Title (QTI 2)*
- Unlawful Detainer (UND 2)

**JUDGMENT**

- Confession of Judgment (MSC 2)*
- Judgment, Another County, Abstract (ABJ 2)
- Judgment, Another State or Country (FJU 2)
- Tax Warrant (TAX 2)
- Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

- Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- Certificate of Rehabilitation (MSC 2)
- Change of Name (CHN 2)
- Deposit of Surplus Funds (MSC 2)
- Emancipation of Minor (EOM 2)
- Frivolous Claim of Lien (MSC 2)
- Injunction (INJ 2)*
- Interpleader (MSC 2)
- Malicious Harassment (MHA 2)*
- Non-Judicial Filing (MSC 2)
- Other Complaint/Petition(MSC 2)*
- Seizure of Property from the Commission of a Crime (SPC 2)*
- Seizure of Property Resulting from a Crime (SPR 2)*
- Structured Settlements (MSC 2)*
- Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

- Absentee (ABS 4)
- Disclaimer (DSC4)
- Estate (EST 4)
- Foreign Will (FNW 4)
- Guardian (GDN4)
- Limited Guardianship (LGD 4)
- Minor Settlement (MST 4)
- Notice to Creditors – Only (NNC 4)
- Trust (TRS 4)
- Trust Estate Dispute Resolution Act/PCA (TDR 4)
- Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**

- Hospital (MED 2)*
- Medical Doctor (MED 2)*
- Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- Death (TMV 2)*
- Non-Death Injuries (TMV 2)*
- Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

- Asbestos (PIN 2)**
- Implants (PIN 2)
- Other Malpractice (MAL 2)*
- Personal Injury (PIN 2)*
- Products Liability (TPO 2)*
- Property Damage (PRP 2)*
- Wrongful Death (WDE 2)*
- Tort, Other (TTO 2)*

**WRIT**

- Habeas Corpus (WHC 2)
- Mandamus (WRM 2)**
- Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

3

U/forms/mainterofdies
Rev 01/06

542 00003 he211304

___ FILED          ___ ENTERED
___ LODGED         ___ RECEIVED

★   MAY 25 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.,                        )
                                    )   No. C 07-0807-JCC
                Plaintiff,          )
                                    )
        v.                          )   NOTICE OF APPEARANCE
                                    )
KASPERSKY LAB, INC.                 )
                                    )
                Defendant.          )
                                    )

TO:        Clerk of the Court

AND TO:    Kelly P. Corr and Steven W. Fogg, Corr Cronin Michelson Baumgardner &

Preece LLP, Attorneys for Plaintiff

        YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE THAT the defendant

above makes and enters its appearance in the above-entitled action by the undersigned attorney,

and requests that all future papers or pleadings in this cause, except original process, be served

upon said attorney at the address stated below.

        DATED this 29th day of May, 2007.

                        Davis Wright Tremaine LLP
                        Attorney for Kaspersky Lab, Inc..

                        By _____
                        Bruce E.H. Johnson WSBA # 7667

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax (206) 628-7699

1

2

3

4

5

6

7

8

9

10

11

12

13

14

\_\_\_FILED   \_\_\_ENTERED
\_\_\_LODGED   \_\_\_RECEIVED

★   MAY 25 2007   ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.,                    )
                                )
            Plaintiff,          )
                                )
    v.                          )
                                )
KASPERSKY LAB, INC.             )
                                )
            Defendant.          )
_____)

No. **C 07-0807 JCC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May, 2007, I caused to be served true and correct copies of the following documents by hand delivery on the below attorneys at their address as listed: NOTICE OF APPEARANCE, NOTICE OF FILING NOTICE OF REMOVAL, NOTICE OF REMOVAL, VERIFICATION OF STATE COURT RECORDS, and CERTIFICATE OF FILING

on:

**Attorneys for Plaintiff**
Kelly P. Corr
Steven W. Fogg
Corr Cronin Michelson
Baumgardner & Preece
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051

Sarah Duran

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699