THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZANGO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KASPERSKY LAB, INC.,<br><br>Defendant. | No. C07-0807 JCC<br><br>TEMPORARY RESTRAINING ORDER [PROPOSED] |

This CAUSE came before the Court on May 29, 2007 on Plaintiff Zango's Motion for Temporary Restraining Order.

The Court <u>did / did not</u> hear oral argument from Plaintiff's counsel. Defendants were provided with notice of Plaintiff's Motion for Temporary Restraining Order and Defendants <u>did / did not</u> appear at the hearing. The Court considered the following:

1. Plaintiff's Motion for Temporary Restraining Order;

2. Declaration of Steve Fogg;

3. Declaration of Richard Purcell;

4. Declaration of Gregg Berretta; and

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 1
No. C07-0807 JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

5. The other pleadings and filings in this matter.

Based on the argument of counsel and the evidence presented, the Court makes the following findings of fact and conclusions of law, pursuant to Fed. R. Civ. P. 65:

1. Plaintiff Zango, Inc. ("Zango") is an online media company based in Bellevue, Washington that provides consumers access to a catalog of online videos, games, music, tools and utilities. Zango offers its catalog to consumers free of charge in exchange for an agreement to view advertising, and also offers a premium version of its content that gives consumers access without advertising.

2. Kaspersky Lab, Inc. ("Kaspersky") is in the business of developing and marketing various computer protection and security software programs, including anti-virus protection. Kaspersky markets and distributes computer protection and security software programs under its own name, and also sells such programs to distributors and customers who utilize Kaspersky software in their own products. Kaspersky software prevents installation and download of Zango programs, damages and interferes with Zango programs already resident on a user's computer, and damages Zango's website in such a way that potential customers are prevented from downloading Zango's products.

3. Zango has suffered significant damage to its customer base, reputation and business model as a result of the actions taken by Kaspersky. This damage is ongoing so long as Kaspersky maintains identifiers for Zango's applications within its Anti-virus software application and detection database, and so long as Kaspersky refuses to provide updated versions of its application and database to its existing customers.

TEMPORARY RESTRAINING ORDER [PROPOSED] – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

4. In determining whether to issue a temporary restraining order, this Court considers: (1) the likelihood of success on the merits, (2) the possibility that the plaintiff will suffer irreparable injury without injunctive relief, (3) the extent to which the "balance of hardships" favors the plaintiff, and (4) whether injunctive relief would advance the public interest (in certain cases). *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980); *Del Toro-Chacon v. Chertoff*, 431 F. Supp. 2d 1135, 1140 (W.D. Wash. 2006). *See also Citizens Alliance to Protect our Wetlands v. Wynn*, 908 F. Supp. 825, 829 (W.D. Wash. 1995) (the standard for preliminary injunctions also applies to temporary restraining orders). The movant may satisfy its burden "by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." *Los Angeles Mem'l Coliseum*, 634 F.2d at 1201.

5. It is probable that Plaintiff will succeed on the merits. The tort of intentional interference with contractual relations or business expectancy prohibits one from purposefully interfering with a valid contractual relationship or business expectancy, where such interference is done for an improper purpose and results in damage. It is also likely that Plaintiff will succeed on the remaining claims for trade libel, violation of the Washington Consumer Protection Act, and unjust enrichment.

6. Defendants' actions have caused irreparable harm to Plaintiff's customer base, reputation and goodwill. The invasion of Plaintiff's rights is current and ongoing and will continue to cause actual and substantial injury to Plaintiff, absent the issuance of an order enjoining Defendants.

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 3

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

7. The irreparable harm suffered by Plaintiff outweighs any potential harm Defendants may suffer from the issuance of this Order.

For the reasons set forth in the above findings of fact and conclusions of law, it is hereby ORDERED:

1. Plaintiff Zango's Motion for Temporary Restraining Order is GRANTED.

2. Within _____ hours from the issuance of this Order, Defendant Kaspersky shall eliminate all references to Zango's products, ClassIDs, code, files, fingerprints, web addresses, and all other distinguishing characteristics from all products, definition files, detection databases, and anti-virus engines sold, marketed, licensed, distributed or otherwise made available by Kaspersky, and provide all existing Kaspersky customers, partners, licensees, or others utilizing Kaspersky's detection databases or anti-virus engine(s) in any manner, including but not limited to PC Tools, CheckPoint, and AOL, with updated products, definition files, detection databases, and anti-virus engine(s) consistent with the foregoing.

3. Within 72 hours from the time this Court issues this Order, Defendant will provide to Plaintiff a list of all existing Kaspersky customers, partners, licensees, or others utilizing Kaspersky's detection databases or anti-virus engine(s) in any manner so that Plaintiff may ensure compliance with the Order.

4. This order is binding upon the parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

5. This order is effective immediately upon issuance provided Zango gives security in the amount of $_____ for the payment of costs and damages which may be

TEMPORARY RESTRAINING ORDER [PROPOSED] – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

incurred by any party to be wrongfully restrained by this order. Said bond must be posted by 4:30 p.m. on May ____, 2007, or this injunction is void.

      6.     This temporary restraining order shall expire at midnight of the 10th day after issuance unless extended or vacated by court order or stipulation of the parties.

DATE AND HOUR OF ISSUANCE: May ____, 2007 at _____ a.m/p.m.

_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT COURT JUDGE

Presented by:

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

By: _____
Kelly P. Corr, WSBA #00555
Steven W. Fogg, WSBA #23528
Attorneys for Plaintiff
Zango, Inc.

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600

**CERTIFICATE OF SERVICE**

The undersigned declares as follows:

I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys of record for Plaintiff Zango, Inc. herein.

I hereby certify that on May 29, 2007, I electronically filed the attached foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Bruce E.H. Johnson
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101

and I hereby certify that I have delivered via U.S. Mail the document to the following non CM/ECF participants:

N/A

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29 day of May, 2007, at Seattle, Washington.

Joyce Abraham

TEMPORARY RESTRAINING ORDER
[PROPOSED] – 6
No. C07-0807 JCC

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

542 00003 he251312