UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.,

        Plaintiff,

  v.

KASPERSKY LAB INC.,

        Defendant.

CASE NO. C07-0807-JCC

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 4), Defendant's Opposition thereto (Dkt. Nos. 17, 20), and Plaintiff's Reply (Dkt. No. 24). After considering the parties' relevant submissions on the matter and determining that oral argument is unnecessary, the Court hereby DENIES the motion.

## II. BACKGROUND AND FACTS

This case is similar to another matter currently before the Court in which Plaintiff, an Internet company, sued a Defendant that sells anti-spyware software for improperly blocking Plaintiff's software. (*See Zango, Inc., v. PC Tools Pty Ltd.*, case no. C07-0797-JCC.) Because the nature of Plaintiff's business is fully described in the Court's recent order denying a TRO in that case (*see* June 5, 2007 *PC*

ORDER – 1

*Tools* Order (Dkt. No. 28 in C07-0797) (hereinafter "*PC Tools* Order") it will not be repeated here. The Court will only focus on relevant differences between the Defendants in the two cases for purposes of this order.

Defendant Kaspersky Lab, Inc. ("Kaspersky USA") distributes software that helps consumers block potentially malicious software ("malware"). (Coursen Decl. ¶ 2 (Dkt. No. 15).) Unlike the Defendant in the *PC Tools* matter, this Defendant only resells the relevant software under a non-exclusive licensing agreement. (*Id.*) A separate company, Kaspersky Lab ZAO ("Kaspersky Moscow"), actually develops and maintains the software. (*Id.*). Also, unlike *PC Tools*, Defendant has apparently not taken as significant of steps as PC Tools to reclassify its risk characterization of Plaintiff's software in recent weeks. (*Id.* at ¶ 19.)

## III. ANALYSIS

### A. The Standard for a TRO

The standard to obtain a TRO is the same as that to obtain a preliminary injunction. *See Graham v. Teledyne-Continental Motors, Div. of Teledyne Indus., Inc.*, 805 F.2d 1386, 1388 (9th Cir. 1986). To obtain either form of relief, a plaintiff must satisfy either the "traditional" or "alternative" test. Under the traditional test, the Court must find that: (1) the moving party will suffer irreparable injury if the relief is denied, (2) the moving party will probably prevail on the merits, (3) the balance of potential harm favors the moving party, and (4) the public interest favors granting relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). The alternative test requires the Court to find: (1) a combination of probable success and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* Under this last part of the alternative test, "even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits." *Johnson v. Cal. St. Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995). The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir.

ORDER – 2

2003). "[T]he less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003).

### B.    Application of the TRO Standard to this Case

For the same reasons outlined in the denial of Plaintiff's injunction in the *PC Tools* Matter, Plaintiff is unable to demonstrate that a TRO should be issued here. The Court finds that Plaintiff Zango does face some degree of irreparable harm in this matter due to Defendant's blocking of its software, though that harm appears to be less than that suffered in *PC Tools* because Plaintiff does not allege that this Defendant's software is as widely distributed.

Plaintiff alleges the same causes of action in this Complaint that it did against PC Tools. (*Compare Kaspersky* Compl. 15-16 (Dkt. No. 1 in C07-0807-JCC) *with PC Tools* Compl. 15-16 (Dkt. No. 1 in C07-0979-JCC).) For the same reasons outlined in this Court's Order in *PC Tools*, it is unlikely that Plaintiff will succeed on the merits of any of those claims. (*See PC Tools* Order at 6-8.) The Court also notes that this Defendant has also asserted a compelling argument that it qualifies under the safe harbor provision of 47 U.S.C. § 230(c)[1] and that it might not be a proper Defendant in this action. However, the Court need not definitively reach these issues at this time due to the Court's finding that Plaintiff is unlikely to prevail on the merits regardless.

The Court finds that the balance of hardships favors Defendant Kaspersky, even though there have been fewer attempts at mitigation of Plaintiff's injury than there were in *PC Tools*. This Defendant likewise has an interest in its own reputation and in being able to effectively block software it deems malware. Further, it appears that users of the software distributed by Defendant can still configure the application in order to allow Plaintiff's software to operate concurrently if they so choose. (Coursen Decl. ¶ 15). Thus, any differences between this case and *PC Tools* do not justify a significantly different

---

[1] *See Carafano v. Metrosplash.com. Inc.*, 339 F.3d 1119, 1123-24 (9th Cir. 2003).

ORDER – 3

conclusion regarding the relative balance of harms.

Finally, for the same reasons outlined in the *PC Tools* Order, and for the reasons outlined in Defendant's brief, the Court likewise finds that the public interest favors Defendant.

Given the above analysis, just as in *PC Tools* Plaintiff is unable to satisfy either the traditional or alternative tests for obtaining a temporary restraining order in this matter.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED

SO ORDERED this 6th day of June, 2007.

_John C. Coughenour_
John C. Coughenour
United States District Judge

ORDER – 4