# APPENDIX A - ZANGO'S COMPLAINT

Case 2:07-cv-00807-JCC     Document 28-2     Filed 06/12/2007     Page 1 of 9

FILED
07 MAY 22 PM 1:26

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

ZANGO, INC.,

    Plaintiff,

v.

KASPERSKY LAB, INC.

    Defendant.

No. 07-2-16532-1 SEA

COMPLAINT

### I. IDENTITY OF PARTIES

1. Plaintiff Zango, Inc. ("Zango") is a corporation organized under the laws of the state of Washington. Zango is based in Bellevue, Washington.

2. Defendant Kaspersky Lab, Inc. ("Kaspersky") is a privately owned company based in Moscow, Russia. Kaspersky maintains an office in Woburn, Massachusetts.

### II. STATEMENT OF JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to RCW 4.28.185.

4. Venue is proper in this Court pursuant to RCW 4.12.020.

### III. FACTUAL BACKGROUND

5. Zango is an online media company providing consumers free access to a large catalog of online videos, games, music, tools and utilities. Zango's products are offered to

COMPLAINT – 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

ORIGINAL

customers free of charge and are sponsored by advertising that customers agree to view as a condition of using the products. Zango also offers a premium version of its software that gives consumers access to Zango's content catalog without having to agree to see advertising.

6. Zango's proprietary software displays advertisements (to all non-premium users) while Zango customers are browsing or searching the Internet online. Zango software is designed to locate products and services that are of interest to Zango customers. It does this by recognizing keywords from customers' Internet browser and displaying relevant advertisers' websites for matching products and services. Zango's software never collects the personal identifying information of its users.

7. Zango takes extensive precautions to ensure that every Zango customer affirmatively and knowingly consents to download, installation and continued usage of Zango software. Before installing Zango programs, customers are provided with plain language disclosures describing Zango's software and how it works, as well as a complete End User License Agreement and a link to Zango's Privacy Policy. Every customer who downloads Zango software programs receives a post-installation confirmation message, complete with a link for more information, including uninstall instructions. Within 72 hours of downloading Zango software, customers receive a reminder that they have installed Zango programs, which includes information about how the software works along with uninstall information. Ninety days after install, and every 90 days after that, Zango sends customers an additional reminder that they have installed Zango software, including information as to how the programs work and uninstall instructions. In addition, upon download, Zango programs provide a system tray icon from which the customer can access program information, customer support and uninstall instructions. Customers can access further information about Zango programs through the "Start / All Program" menu, including direct links to customer support and uninstall instructions. Advertisements delivered by Zango software are labeled as coming

COMPLAINT – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

from Zango programs and provide a link to further program information and uninstall instructions. And, uninstallation of Zango programs can always be done through the Add/Remove Programs function.

8. On information and belief, defendant Kaspersky is in the business of developing and marketing various computer protection and security software programs, including anti-virus protection. Kaspersky markets and distributes computer protection and security software programs under its own name, and also sells such programs to distributors and other original equipment manufacturers ("OEMs").

**Damage to Zango website**

9. On March 8, 2007, Zango's testing lab discovered that Kaspersky's consumer program "Kaspersky Internet Security" ("KIS") was damaging a Zango website named seekmo.com by removing Zango weblinks from computers running the KIS program. Further tests revealed that KIS was damaging and removing promotional links hosted by Zango publishers as well. Zango contacted Kaspersky on March 9, 2007, regarding the damage being done by KIS. On March 12, 2007, Kaspersky admitted that KIS was damaging Zango's website and requested time to fix the issue. Testing performed by Zango's lab on March 14, 2007 showed that KIS was no longer damaging Zango's webpage.

10. On March 21, 2007, Zango's lab discovered that similar damage (i.e., missing web links) was being caused by companies that, upon information and belief, were OEM customers of Kaspersky's anti-virus engine product ("KAV"). Zango notified one of these OEM customers immediately. On March 22, 2007, Zango notified a second OEM using KAV that it was damaging Zango's website. On March 28, 2007, the second OEM resolved the issue, and stated in communications with Zango that Zango was using "Best Practices," and that Zango's products are "not malicious." The first OEM requested additional time to

COMPLAINT – 3

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  address Zango's concerns, and subsequently communicated to Zango that it would contact
2  Kaspersky to resolve the issue.
3      11.  On May 21, 2007 Zango testing revealed that some Kaspersky OEM customers
4  are still damaging Zango websites and removing download links, without providing any
5  customer notice or warning. This was determined despite assurances Kaspersky made to
6  Zango six weeks earlier that the damage to Zango's websites would be remedied.

**Interference with Zango programs**

    12.  On May 8, 2007, Zango informed Kaspersky via email that Zango testing had identified additional "major issues" regarding the manner in which KIS treated Zango's software applications. Testing revealed that, once KIS was running on a user's computer, a user was allegedly given a choice to "Allow" Zango's programs to run. However, the "Allow" choice offered by KIS proved illusory, as KIS continually caused warnings to appear on the user's screen no matter how many times the Zango customer clicked "Allow." Testing revealed that KIS did not treat the software of a known Zango competitor in the same manner.

    13.  On May 21, 2007, Zango testing of KIS version 6.0.2.621 revealed an even more serious attack on Zango. Once this version of KIS is installed, it blocks any installation of Zango software, and blocks users from accessing Zango content. In addition, KIS still causes a user to click "Allow" every time Zango attempts to deliver an ad; this is true even if the user clicks "Always Allow."

    14.  In the course of blocking installation of Zango's software, KIS identifies Zango products as "malicious" and as an "infection." On information and belief, Kaspersky knows full well that this is a false and misleading description, as Kaspersky researchers have reviewed the Zango software and determined that it is not malicious

    15.  Additional testing performed on May 21, 2007, revealed that KIS damages Zango's products in such a way that the computer user is unable to uninstall Zango. The

COMPLAINT – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

inability to uninstall the Zango software through normal Add/Remove procedures is a direct violation of Zango's terms of service.

16. Kaspersky's actions have resulted (and will continue to result) in significant damage to Zango's reputation, customer base and business model. That damage includes: damaging Zango's website so as to prevent future customers from downloading Zango products; blocking installation of Zango products by future customers; interfering with Zango's ability to recoup, through both paid and ad-supported software versions, the cost of acquiring and licensing for distribution the extensive content in Zango's content catalog (estimated value: several million dollars); chilling Zango's ability to partner with new content providers and distribution channels, thereby hindering Zango's expansion plans and devaluing its investment in offices, operations, infrastructure, and employees in Washington state, North America, and other parts of the world; and in other ways not yet realized or fully understood.

## IV. CLAIMS FOR RELIEF

### First Cause of Action:
### Injunctive Relief

17. Zango incorporates and realleges the allegations contained in Paragraphs 1 through 16 above.

18. Zango has a clear legal or equitable right and a well-grounded fear of immediate invasion of that right. Kaspersky's conduct has caused injury and will continue to cause injury to Zango, and the relative equities of the parties favor granting injunctive relief.

### Second Cause of Action:
### Tortious Interference with Contractual Rights or Business Expectancy

19. Zango incorporates and realleges the allegations contained in Paragraphs 1 through 18 above.

20. Kaspersky has purposefully and knowingly interfered with Zango's business relationships, both existing and contemplated.

COMPLAINT – 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

21.    As a result of Kaspersky's conduct, Zango has been harmed. Zango is therefore entitled to injunctive relief and to all damages proven at trial.

### Third Cause of Action:
### Violation of Washington Consumer Protection Act

22.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 21 above.

23.    Kaspersky, through its conduct, has acted unfairly and deceptively in violation of RCW 19.86.010 et seq.

24.    Kaspersky's conduct occurred in trade and commerce and caused Zango substantial damage.

25.    The public interest has been affected by Kaspersky's conduct.

26.    Zango is entitled to treble damages and to injunctive relief, and to recovery of its attorney fees and costs in bringing this lawsuit.

### Fourth Cause of Action:
### Trade Libel

27.    Zango incorporates and realleges the allegations contained in Paragraphs 1 through 26 above.

28.    Kaspersky, through its conduct, has made false and disparaging statements about Zango's products.

29.    Kaspersky publishes its false and disparaging statements to users of Kaspersky programs.

30.    As a result of Kaspersky's conduct, Zango has been harmed, including suffering injury to its reputation and ongoing financial injury. Zango is therefore entitled to injunctive relief and to all damages proven at trial.

COMPLAINT – 6

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

### Fifth Cause of Action:
### Unjust Enrichment

31. Zango incorporates and realleges the allegations contained in Paragraphs 1 through 30 above.

32. Kaspersky, through its conduct, has benefited from its disparagement, blocking of and interference with Zango's products.

33. It would be inequitable for Kaspersky to retain the benefit of its wrongful actions. Kaspersky should be required to account for, and disgorge, all revenues it received as a result of its wrongful actions toward Zango.

## V. RELIEF REQUESTED

WHEREFORE, plaintiff prays for relief as follows:

A. For all damages as may be proven at trial (and which are estimated to be no less than $47 million dollars);

B. For treble damages pursuant to RCW 19.86.090;

C. For injunctive relief;

D. For attorneys' fees and costs; and

E. For such other relief as the Court may deem just and equitable.

COMPLAINT – 7

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  DATED this 22nd day of May, 2007.

2

3                                    CORR CRONIN MICHELSON
                                     BAUMGARDNER & PREECE LLP
4

5

6                                    _____
                                     Kelly P. Corr, WSBA #555
7                                    Steven W. Fogg, WSBA #23528
                                     Attorneys for Plaintiff
8                                    Zango, Inc.

COMPLAINT – 8

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900