Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZANGO, INC., | No. C-07-0807-JCC |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF ANGELO GENTILE** |
| v. | |
| KASPERSKY LAB, INC., | |
| Defendant. | |

I, Angelo Gentile, declare as follows:

1.  I am the Chief Financial Officer of Kaspersky Lab, Inc., which is based in Massachusetts ("Kaspersky USA"). I have been Chief Financial Officer since the company's inception in 2004. I have personal knowledge of the facts discussed below.

2.  In response to Zango's motion for a TRO, I submitted a declaration, dated June 1, 2007, in which I testified that, despite sharing a name, Kaspersky USA and Kaspersky Lab ZAO ("Kaspersky Moscow") are separate, unrelated companies. Kaspersky USA is merely a non-exclusive distributor of Kaspersky Moscow's Internet security software. Kaspersky USA is not Kaspersky Moscow's agent or subsidiary. Kaspersky USA has no involvement in, or control over, the threat detection designations or inner workings of the

SUPPLEMENTAL DECLARATION OF
ANGELO GENTILE
(C-07-0807-JCC) — 1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Dockets.Justia.com

anti-virus and other Internet security software. The design, development, debugging, and maintenance of the software is done exclusively by Kaspersky Moscow.

3. I also testified in my first declaration that Kaspersky USA is based in Woburn, Massachusetts, and that it has no offices or employees in Washington. Most of Kaspersky's employees are based in Woburn.

4. Now, in support of Kaspersky USA's motion to dismiss and for summary judgment, I want to add the following supplemental facts.

5. First, the test lab in which the Kaspersky anti-virus software and other Internet security software products are tested, and in which the malware threats are determined, is in Moscow, run by the scientists and technicians of Kaspersky Moscow. Kaspersky USA has no involvement in testing for malware, configuring the Kaspersky security products, or classifying the malware threats.

6. Second, to elaborate on Kaspersky USA's lack of a presence in Washington, we have attempted to determine what percentage of Kaspersky USA's business, if any, comes from Washington. The specifics are as follows.

7. Kaspersky USA's customers fall into three categories:

(a) <u>Resellers</u>. Resellers are unrelated companies that buy from us or from other distributors of Kaspersky USA's products and sell to their customers, primarily businesses as opposed to individual consumers.

(b) <u>Distributors</u>. There are two kinds of distributors. The first kind of distributor sells to the resellers, who in turn sell primarily to businesses. The second kind of distributor sells to retail chains, such as CompUSA, Staples, or similar stores.

(c) <u>Direct sales to consumers</u>. Individuals and small businesses may buy directly from Kaspersky USA, mostly through our on-line catalog on our website.

8. Of these three segments of the market, the resellers and distributors account for the larger share of sales. One distributor alone accounts for about 70% of all sales to the

SUPPLEMENTAL DECLARATION OF
ANGELO GENTILE
(C-07-0807-JCC) — 2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

retail chains. One reseller accounts for about 40% of sales to businesses. Neither of these two main customers is based in Washington. One is based in the Midwest, and the other is based in the South. Overall, the reseller and distributor channels account for at least 60% of Kaspersky USA's annual sales. The direct sales to individual consumers (typically on-line) account for roughly 40% or less of revenues.

9. Based on Kaspersky USA's sales records, I have determined that on-line customers with Washington billing addresses account for only about 3.15% of all on-line sales revenues. Because on-line sales account for about 40% of Kaspersky USA's revenues, on-line customers with Washington billing addresses account for only about 1.2% of total revenues (3% of 40%). In addition, we have estimated that in 2006 and 2007 to date, we have derived only about 0.8% of total sells from resellers doing business in Washington. We do not do business with any distributors based in Washington.

10. Kaspersky USA does not advertise its consumer anti-virus and other security software products nationally and certainly does not target ads specifically to consumers in Washington. Kaspersky USA has not purchased any ad space in Washington publications. Kaspersky USA has not purchased air time on any Washington radio or TV stations. To the extent that a Kaspersky software product is advertised at all (for example, in a retail store circular), such ads are created by the retailer or distributor without Kaspersky USA's involvement. Kaspersky USA certainly does not advertise in Washington and does not specifically market to customers in Washington state.

11. Another way that computer users may acquire the Kaspersky USA security products is through original equipment manufacturers ("OEMs"). As I explained in my previous declaration, OEMs may package their computers already installed with various software products, including, for example, the Kaspersky anti-virus software. For example, a consumer may buy a laptop from Dell that comes installed with the software. But Kaspersky USA has not supplied software to these OEMs and, to date, has not entered into any

SUPPLEMENTAL DECLARATION OF
ANGELO GENTILE
(C-07-0807-JCC) — 3

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699

agreements or relationships with them. As I stated in my previous declaration, these OEM's buy directly from Kaspersky Moscow or, perhaps, from other Kaspersky Moscow authorized distributors. Another kind of OEM is a software developer or hardware manufacturer that wants to integrate the functionality of Kaspersky security software into its own product, such as a "firewall" appliance. To do so, this kind of OEM licenses a software development kit directly from Kaspersky Moscow, which allows the OEM to integrate the functionality (e.g., anti-virus protection) into the given product. Again, Kaspersky USA does not deal with these OEMs, does not sell software to these OEMs, and has no agreements or other relationships with such OEMs.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on June 11, 2007.

                                          By /s/ *Angelo Gentile*
                                              Angelo Gentile
                                              Chief Financial Officer
                                              Kaspersky Lab, Inc.

03267/00501 683788.1

SUPPLEMENTAL DECLARATION OF
ANGELO GENTILE
(C-07-0807-JCC) — 4

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## CERTIFICATE OF SERVICE

I certify that on June 12, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Attorneys for Plaintiff**
Jeffrey I. Tilden, WSBA No. 12219
Michael Rosenberger, WSBA No. 17730
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue
Suite 4000
Seattle, WA  98154-1051

In addition, paper copies of the foregoing document will be mailed by United States Postal Service to non CM/ECF participants, if any.

/s/ *Bruce E.H. Johnson*
Bruce Johnson, WSBA No. 7667.

SUPPLEMENTAL DECLARATION OF
ANGELO GENTILE
(C-07-0807-JCC) — 5

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington  98101-1688
(206) 622-3150 · Fax: (206) 628-7699