Honorable John C. Coughenour

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.,

        Plaintiff,

v.

KASPERSKY LAB, INC.,

        Defendant.

No. C-07-0807-JCC

**DECLARATION OF STEPHEN ORENBERG SUPPORTING KASPERSKY LAB'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

I, Stephen Orenberg, declare as follows:

1. I am the President and sole owner of Kaspersky Lab, Inc., ("Kaspersky USA"). I founded the company in 2004. I have personal knowledge of the facts discussed below.

2. Kaspersky USA distributes (but does not develop or maintain) Internet security software developed by Kaspersky Lab ZAO, based in Moscow, Russian Federation ("Kaspersky Moscow"). The Kaspersky software products--known as "Kaspersky Internet Security," or "KIS" for short, and "Kaspersky Anti-Virus," or "KAV" for short--have earned high ratings from various computer industry publications (such as *PC World*) and have won several awards and citations for outstanding performance. Such honors includes, for example, the *c/Net* Editor's Choice, *PC World* Best Buy, *PC World* 100 Best Products of 2007, and the

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

*SC Magazine* 5 Star rating. Recently, the KIS software received an ICSA Lab certification for detecting viruses and other malware without false positives. The ICSA Lab certification is akin to a "Good Housekeeping Seal of Approval" or similar certification. The Kaspersky software would not have received such approval if it performed poorly. I understand that Kaspersky Moscow conducts rigorous tests to ensure that its products detect malware flawlessly. In short, KIS and KAV are highly rated, high quality security products. These products are used by sophisticated, discriminating computer users who demand the highest levels of protection from viruses, spyware, and other malware.

3. I reviewed Zango's opposition to Kaspersky USA's motion to dismiss and supporting declarations and was immediately disturbed by several misconceptions that Zango has attempted to perpetuate.

4. For example, Zango claims in its opposition that all correspondence has been with Kaspersky USA. That claim is true only in form, not in substance. In reality, and as Kaspersky USA's Senior Technical Consultant, Shane Coursen, stated in his declaration, Kaspersky USA merely served as a conduit between Zango and Kaspersky Moscow. In other words, Shane passed along to Moscow Zango's request to be removed from any "blacklist" and then reported back Moscow's findings. Shane made clear to Zango's Greg Berretta that he was merely facilitating communication with Moscow and that it would be up to Moscow to address any issues with Zango. Neither Shane nor anyone else from Kaspersky USA had independent, substantive communications with Zango. Nor did Kaspersky USA get involved in any way in determining whether Zango's software downloads merited threat detection. The configuration of the Kaspersky software and determination of threats was left entirely to the senior virus analysts who work in the Kaspersky virus lab in Moscow.

5. Furthermore, I will reiterate what my CFO, Angelo Gentile, has already stated: Kaspersky USA and Kaspersky Moscow are two separate companies. As seen in the Non-Exclusive Distribution Agreement (attached as an exhibit to Angelo's declaration),

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 2

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

1  Kaspersky USA is not Kaspersky Moscow's agent and has no control over the workings of
2  the software. Moreover, Kaspersky Moscow has no ownership interest in Kaspersky USA.
3  Nor does Kaspersky USA have any officers or directors from Moscow. I am the President
4  and sole owner of the company. It is true, as Zango misleadingly points out, that Natalya
5  Kaspersky is listed as Chief Executive Officer on the Kaspersky website
6  (www.kaspersky.com). But Ms. Kaspersky is CEO of Kaspersky *Moscow*. She is included
7  on the website for marketing purposes only. I am listed as President of Kaspersky USA. Her
8  listing on the website does not change the fact that neither she nor any other Kaspersky
9  Moscow representative is an officer or director or owner of my company, Kaspersky USA.

10      6.      Zango also claims that the Kaspersky sofware is sold in Washington through,
11 for example, Fry's, an electronics retail chain. Fry's has 34 stores nationwide (mostly in
12 California) and only one store in Washington (in Renton). Our sales records indicate that the
13 entire Fry's chain sells about 1000 units per month of the Kaspersky security software.
14 Simple extrapolation shows that Fry's sells, if at all, about 29 units/month in the Washington
15 outlet (1000 units divided by 34 stores). Thus, since May 2007, when Zango alleges that
16 Kaspersky failed to respond to its request to fix the alleged threat detection issues, perhaps
17 only 58 units of Kaspersky software have been sold in Washington.

18      7.      Kaspersky has dozens of competitors who sell anti-virus and other Internet
19 security software systems. In addition to PC Tools (which Zango also sued for similar
20 reasons), other competitors include McAfee, Symantec, Microsoft, and CA, just to name a
21 few. According to the most recent published data from NPD Group, which tracks point-of-
22 sales data, Kaspersky's has a 1.7% share of the U.S. retail security software market.
23 Accordingly, assuming Zango's statistics are accurate, and it averages about 53,500 patrons
24 per month in Washington (less than 1% of Washington's total population of about 6.4 million
25 people), then, at most, 910 of those Zango patrons (1.7% of 53,500) also have Kaspersky
26 security software. And this estimate assumes that 100% of Zango patrons in Washington have

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 3

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

up-to-date antivirus software installed on their computers, which in practice is highly unlikely.

8. In any event, Zango has not identified a single Kaspersky software user who desired to download a Zango program but was prevented by the Kaspersky software from doing so. Given Kaspersky's market share, it is much more likely that any Zango patron who has installed security software, if any, has installed the software of one of Kaspersky's competitors.

9. Zango also claims that some of these competitors, such as McAfee, do not prevent users from downloading Zango. That claim proves nothing. First, as Zango admits, all of these competitors detect Zango's presence. If Zango presented no risk, the security software--any company's software--would not even detect it. In this regard, the Kaspersky software is no different. Second, assuming for the sake of argument that (a) once the competitors detect Zango they also allow the user to install Zango, and (b) Kaspersky prevents installation of Zango, that does not prove that Kaspersky has intentionally singled out Zango. It proves only that Kaspersky is a better, more sensitive product.

10. Let me expand on that last point. The Kaspersky software does not recognize Zango *per se* or otherwise make a determination to block Zango specifically. Rather, the software examines the behavior of downloaded programs, no matter the source. In other words, the Kaspersky software looks for certain indicators in the program to be downloaded. If the program contains certain functionality or indicators that the program presents a threat, it is detected. The software (and Kaspersky itself) does not care whether the source is Zango or some other company. Apparently, Zango's programs must contain those indicators.

11. I have performed a test of Kaspersky software to see how it handles Zango. I logged onto the Zango website and tried to download a video. The Kaspersky software detected Zango (specifying that it was not a virus but was potentially adware). Nonetheless,

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 4

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

the Kaspersky software allowed me to download the Zango adware program, without interference.

12. Even if Zango's allegation were true that the Kaspersky software blocks Zango, that would not mean that a person desiring to patronize Zango would be thwarted. The user always has the option to temporarily disable the Kaspersky software and thus allow the Zango programs, or any other programs, to be downloaded. Disabling the Kaspersky threat detection is as simple as a click of the computer mouse on the Kaspersky software icon on the user's "desktop."

13. I should also note that Kaspersky USA has never received a complaint that a Kaspersky software user was having trouble downloading Zango programs or was being blocked from doing so.

14. Finally, when I downloaded the Zango programs, I was struck by Zango's End User License Agreement ("EULA"), a copy of which is attached as Exhibit A. The EULA specifies, albeit in fine print (in exact font pasted into this declaration below), that Zango's adware may supply "Adult-oriented ads" to Zango patrons:

> Please note that you may receive Adult-oriented ads if you utilize keywords connected to, search for or view Adult websites.

The fine print in Paragraph 5.2 elaborates on this serious threat:

> Please note that you may receive Adult-oriented ads if you utilize keywords connected to, search for or view Adult websites. On occasion, you may search for a website and receive an error from your browser software indicating that the site cannot be found. When this occurs, the Search Assistant Zango Software includes a function that may redirect your web browser to our sponsor's websites based on the content of the website address, or URL, which you entered. You hereby consent to these actions. Content that is "Adult" is defined as any audio, video, audiovisual, images, sounds or text that contain or reference any of the following: profanity, violence, blood and gore, weapons, use of alcohol, drugs, tobacco, online gambling, pornography, erotica, erotic images, nudity, sex, sexually explicit images, and sexual references.

Thus, Zango cannot seriously claim that its programs are harmless. Rather, the Zango adware may directly provide links to obscene websites. The Kaspersky software is designed to detect and prevent that specific threat.

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 5

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

1   PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY
2   THAT THE FOREGOING IS TRUE AND CORRECT.

4   Executed on July 5, 2007.        By /s/ *Stephen Orenberg*
                                     Stephen Orenberg
                                     President
                                     Kaspersky Lab, Inc.

03267/00501  698432.1

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 6

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

CERTIFICATE OF SERVICE

I certify that on July 6, 2007, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**Attorneys for Plaintiff**
Jeffrey I. Tilden, WSBA No. 12219
Michael Rosenberger, WSBA No. 17730
Gordon Tilden Thomas & Cordell LLP
1001 Fourth Avenue
Suite 4000
Seattle, WA 98154-1051

In addition, paper copies of the foregoing document will be mailed by United States Postal Service to non CM/ECF participants, if any.

/s/ *Bruce E.H. Johnson*
Bruce Johnson, WSBA No. 7667.

DECLARATION OF STEPHEN ORENBERG
(C-07-0807-JCC) — 7

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688