UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZANGO, INC.,

           Plaintiff,

   v.

KASPERSKY LAB INC.,

           Defendant.

CASE NO. C07-0807-JCC

MINUTE ORDER

        The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

        The parties dispute whether Defendant qualifies as "a provider or user of an interactive computer service" for purposes of immunity under 47 U.S.C. § 230(c)(2). "Interactive computer service" is defined as "any information service, system, or access software provider *that provides or enables computer access by multiple users to a computer server.*" 47 U.S.C. § 230(f)(2) (emphasis added).

        Defendant Kaspersky Lab Inc.'s president has described the relevant software as follows:

> The Kaspersky software does not recognize Zango *per se* or otherwise make a determination to block Zango specifically. Rather, the software examines the behavior of downloaded programs, no matter the source. In other words, the Kaspersky software looks for certain indicators in the program to be downloaded. If the program contains certain functionality or indicators that the program presents a threat, it is detected. The software (and Kaspersky itself) does not care whether the source is Zango or some other

MINUTE ORDER – 1

1    company. Apparently, Zango's programs must contain those indicators.

2 (Orenberg Decl. ¶ 10 (Dkt. No. 47 at 4).) Reading this description in conjunction with Defendant's

3 implied assertion that end-users have the ability to "update" the software (*id.* ¶ 7), the Court is unclear to

4 what extent, if any, the Kaspersky software interacts with a server via the Internet once it has already

5 been installed on an end-user's computer.

6    Accordingly, the Court requests briefing from the parties as to what extent the Kaspersky

7 software communicates, if at all, with a server after it has already been downloaded and installed by

8 Kaspersky's customers for "updates" or for any other purpose. The Court specifically directs the parties

9 not to brief the question of whether Defendant Kaspersky is an "access software provider."

10   The briefing schedule shall be as follows: Defendant Kaspersky's brief is due by August 7, 2007.

11 Plaintiff Zango's opposition, if any, is due by August 14, 2007. Briefs shall be no longer than 5 pages and

12 may include exhibits to the extent necessary. Defendant's Motion to Dismiss (Dkt. No. 28) is hereby

13 RENOTED FOR August 14, 2007.

15   DATED this 31st day of July, 2007.

17                    BRUCE RIFKIN, Clerk of Court

19       By  */s/ C. Ledesma*
                Deputy Clerk

26 MINUTE ORDER – 2